UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

J.R.,

               Petitioner,

   v.

KENNETH GENALO, Field Office Director
of Enforcement and Removal Operations,
New York Field Office, Immigration and
Customs Enforcement, *et. al.*,

            Respondents.

**MEMORANDUM & ORDER**
26-CV-01512 (HG)

**HECTOR GONZALEZ**, United States District Judge:

On August 21, 2025, U.S. Immigration and Customs Enforcement ("ICE") arrested

Petitioner J.R. ("Petitioner") when he reported to an ICE appointment, and later transferred him

to the Metropolitan Detention Center in Brooklyn ("MDC").  Petitioner now seeks a writ of

habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.[1]  For the following reasons, his

Petition is GRANTED.

## BACKGROUND

Petitioner is a Venezuelan national who seeks asylum in the United States.  *See* ECF

No. 1 ¶¶ 1–2; 26–27.

     *A.     Arrival in Texas and Release on Parole*

On December 15, 2022, Petitioner arrived at a port of entry in Brownsville, Texas, after

he scheduled an appointment with U.S. Customs and Border Protection ("CBP") through an

online tool, the "CBP One" application, which allowed individuals seeking admission to the

---

[1]     Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits
all internal quotation marks, alteration marks, emphases, footnotes, and citations.  The Court
refers to the pages assigned by the Electronic Case Files system ("ECF").

United States to schedule appointments for inspection.  *See id.* at 3, 27–28.  On that same day, CPB issued and served Petitioner with a Notice to Appear ("NTA"), placed him into removal proceedings pursuant to 8 U.S.C. § 1229a, and released him on humanitarian parole until December 14, 2023, pursuant to 8 U.S.C. § 1182(d)(5).  *See id.*  The NTA included a hearing date before an immigration judge in New Jersey, for January 15, 2026.  *See id.* ¶ 28.

In the months that followed his arrival at the entry port in Texas and his parole, Petitioner settled in New York City with his family and applied for and received a work permit that allowed him to lawfully work in the United States.  *See id.* ¶¶ 29–31.  On or around July 19, 2023, Petitioner filed an asylum application, which is still pending.  *See id.* ¶¶ 29, 40.  In acknowledging receipt of his application, the Department of Homeland Security instructed Petitioner that he "may remain in the U.S. until [his] asylum application is decided," that he needed advance permission if he "wish[ed] to leave while [his] application is pending," and that he must provide written notification within 10 days if he "change[s] [his] address."  *Id.* ¶ 29 (quoting I-589 Receipt Notice).  Petitioner was also granted Temporary Protected Status ("TPS"), pursuant to 8 U.S.C. § 1254a, from May 10, 2024, until April 2, 2025.  *See id.* ¶ 30. Petitioner reapplied for TPS in June 2025; that application is also still pending.  *See id.*

       B.      *Arrest in New York City*

On August 21, 2025, after receiving a notice of appointment, Petitioner reported to ICE in Manhattan.  *See id.* ¶ 35; ECF No. 8 at 1.  Upon his arrival at the appointment, ICE agents arrested Petitioner without explanation and detained him at 26 Federal Plaza.  *See* ECF No. 1 ¶ 35.  Petitioner was subsequently taken to MDC, where he remains detained.  *See id.*

C.      *Procedural History*

On March 13, 2026, Petitioner initiated the instant action by filing a petition for a writ of habeas corpus.  ECF No. 1 ("Petition").  The same day, the Court issued an Order to Show Cause directing the government to show cause why a writ of habeas corpus should not be granted, why it should not be ordered to immediately release Petitioner from detention, and whether the instant Petition is controlled by this Court's prior opinions in *O.F.B. v. Maldonado*, No. 25-cv-6336, 2025 WL 3277677 (E.D.N.Y. Nov. 25, 2025), *R.P.L. v. Maldonado*, No. 25-cv-6886, 2025 WL 3731864 (E.D.N.Y. Dec. 26, 2025), and *Ndiaye v. Francis*, No. 26-cv-0069, 2026 WL 99930 (E.D.N.Y. Jan. 14, 2026).[2]  *See* Mar. 16, 2026, Text Order.

The government filed its response on March 19, 2026, *see* ECF No. 8 ("Response"), where it noted that, while it disagrees with the Court's rejection of its argument that 8 U.S.C. § 1225 applies to noncitizens who had been living in the country before they were detained, it nevertheless acknowledges that "the Court will grant the Petition in this case if it adheres to its reasoning in *O.F.B.*, *R.P.L.*, and *Ndiaye*."  *Id.* at 4.

The Court issues the instant Order before Petitioner's deadline to file a reply in light of its obligation to "determine the facts, and dispose" of habeas petitions expeditiously, "as law and justice require."  28 U.S.C. § 2243.

## LEGAL STANDARD

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law."  *Harrington v. Richter*, 562 U.S. 86, 91 (2011); *see also Ozturk v. Hyde*, 136 F.4th 382, 393 (2d Cir. 2025).  A petition for a writ of habeas corpus under Section 2241,

---

[2]      In the interest of judicial economy, the Court does not repeat the legal discussions and analyses from those cases in this Order but instead incorporates same by reference herein.

"authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." *Lopez v. Sessions*, No. 18-cv-4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)).

## DISCUSSION

In the instant petition, Petitioner seeks a writ of habeas corpus based on a violation of the Due Process Clause of the Fifth Amendment, among other claims.[3]  *See* ECF No. 1 ¶¶ 37–42.

In response, the government reiterates its now-familiar position—that "Petitioner's detention is based on ICE's position as to the scope of 8 U.S.C. § 1225(b)(2)(A)," ECF No. 8 at 4—despite sweeping rejection by district courts across the country.  The government does not repeat its statutory interpretation arguments in opposing the Petition, and it need not, because the result of this case is the same as that in *O.F.B.*, 2025 WL 3277677, *R.P.L.*, 2025 WL 3731864, and *Ndiaye*, 2026 WL 99930.  And, for the reasons this Court has already articulated in those cases (and hundreds of others across the country), the Court concludes that Petitioner is currently being detained pursuant to Section 1226 and in violation of his rights to due process under the Fifth Amendment.  *See O.F.B.*, 2025 WL 3277677, at *3–6; *R.P.L.*, 2025 WL 3731864, at *2–4; *Ndiaye*, 2026 WL 99930, at *3; *see also, e.g.*, *Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL

---

[3]    The Court need not address Petitioner's other claims, given its conclusion that Petitioner's detention under 8 U.S.C. § 1226 violates the Due Process Clause of the Fifth Amendment.

35569, at *3 (E.D.N.Y. Jan. 6, 2026) (collecting cases from courts "within the Eastern District of New York . . . [that] have [] rejected the government's interpretation.").[4]

Accordingly, because the "typical remedy" for "unlawful executive detention" is "of course, release," *Munaf v. Geren*, 553 U.S. 674, 693 (2008), the government's ongoing detention of Petitioner, in the face of yet another complete failure of process, entitles him to immediate release, *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[R]elease from illegal custody" is the "usual remedy by which a man is restored again to his liberty, if he ha[s] been against law deprived of it.").

## CONCLUSION

For the reasons stated above, Petitioner's detention violates the Due Process Clause of the Fifth Amendment, and his petition for a writ of habeas corpus, ECF No. 1, is GRANTED.

The government is directed to immediately release Petitioner from custody and is further directed to certify compliance with the Court's Order by filing a letter on the docket no later than 12:00 p.m. on March 20, 2026.  The Court further orders that Petitioner shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where Respondents will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a).  This Order includes "an injunction barring deprivation [of any] of the [Petitioner's] rights without the requisite procedural protections." *Khabazha v. United States Immigr. & Customs Enf't*, No. 25-cv-5279, 2025 WL 3281514, at *8 (S.D.N.Y. Nov. 25, 2025) (ordering government release petitioner from "restrictions on his liberty imposed

---

[4]    For the reasons articulated in *O.F.B.*, which similarly involved a petitioner whose § 1182(d)(5) parole expired one year after he was served with an NTA, I find that even if Section 1225 applies, Petitioner is being detained in violation of ICE's own regulations (specifically, 8 C.F.R. § 212.5(e)(1) and (2)) and the Fifth Amendment. *See* 2025 WL 3277677, at *6–7.

5

as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements" and return petitioner to "the status quo ante.").

For the avoidance of doubt, nothing in this Order shall be construed as a determination of the lawfulness of the government's right to detain Petitioner in the future pursuant to 8 U.S.C. § 1226(a) or (c)(1), nor shall anything herein be construed as to preclude the government from holding a hearing pursuant to 8 U.S.C. § 1226(a) if it seeks to detain Petitioner in the future.

The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.

SO ORDERED.

/s/ Hector Gonzalez
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
March 19, 2026